IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, CO

Civil Action No. 07-cv-00750-BNB

MAY 3 - 2007

DON ALTON HARPER,

GREGORY C. LANGHAM
CLERK

Plaintiff,

v.

FEDERAL PRISON INDUSTRIES, INC., and
DEPARTMENT OF JUSTICE - INMATE ACCIDENT COMPENSATION,

Defendants.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

Plaintiff Don Alton Harper is a prisoner who is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado. On April 24, 2007, Mr. Harper submitted a motion titled "On Motion by Leave of the Court to Grant This Motion for Relief," which the Court will treat as a motion for a temporary restraining order and a preliminary injunction.

The Court must construe liberally the motion for a temporary restraining order and a preliminary injunction because Mr. Harper is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a **pro se** litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied.

Mr. Harper apparently seeks an injunction or temporary restraining order against the Defendants because they informed him that he may not proceed with the administrative remedy process pursuant to 28 U.S.C. § 2675(a) of the Federal Tort Claims Act until he receives a response to a pending grievance.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. ***See Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Harper fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. ***See*** Fed. R. Civ. P. 65(b). Therefore, the liberally construed motions for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the liberally construed motion for a temporary restraining order and a preliminary injunction that Plaintiff Don Alton Harper submitted to and filed with the Court on April 13, 2007, is denied.

DATED at Denver, Colorado, this 2 day of May, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00750-BNB

Don Alton Harper
Reg. No. 24496-013
FCI – Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5·3·07

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk