IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00750-BNB

DON ALTON HARPER,

    Plaintiff,

v.

BUREAU OF PRISONS,
DEPARTMENT OF JUSTICE,
FEDERAL PRISON INDUSTRIES, INC.,
INMATE ACCIDENT COMPENSATION, and
UNITED STATES OF AMERICA,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 9 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Don Alton Harper, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. Harper has filed *pro se* a civil rights complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), and pursuant to the Federal Tort Claims Act (FTCA). He seeks money damages as relief.

The Court must construe the complaint liberally because Mr. Harper is representing himself. *See **Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. ***Hall***, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons stated below, Mr.

Harper will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The Court has reviewed the complaint and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Harper's complaint is vague. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). The Court has done its best to summarize briefly the asserted claims. Mr. Harper alleges that he injured his right ankle on March 6, 2006, when he

slipped and fell while picking up two cases of orange juice out of the back cooler in the prison's kitchen warehouse. He further alleges that because of a delay in treating his ankle the bone did not heal properly. On the basis of these allegations, he asserts that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Mr. Harper fails to make clear the reason or reasons he is suing each named Defendant. Rather than summarizing each claim succinctly, Mr. Harper apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Harper's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the Defendants nor the Court is required to do this work for him. Mr. Harper must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Harper appears to assert his claims both as *Bivens* and as FTCA claims. To the extent Mr. Harper is attempting to assert FTCA claims, he should take note that in a FTCA action, the United States is the only proper Defendant. 28 U.S.C. § 2679(d)(1) (1994). To the extent he is attempting to assert *Bivens* claims, Mr. Harper may not sued the named Defendants. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). The United States is immune from a

*Bivens* claim for money damages. ***FDIC v. Meyer***, 510 U.S. 471, 486 (1994); ***Chapoose v. Hodel***, 831 F.2d 931, 935 (10th Cir. 1987).

Therefore, if Mr. Harper wishes to assert *Bivens* claims, he must sue the proper Defendants and allege the personal participation of each named Defendant. Personal participation is an essential allegation in a civil rights action. **See *Bennett v. Passic*,** 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See *Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See *Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. **See *Woodward v. City of Worland***, 977 F.2d 1392, 1400 (10th Cir. 1992); ***Meade v. Grubbs***, 841 F.2d 1512, 1528 (10th Cir. 1988). Mr. Harper may use fictitious names, such as "John and Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Harper uses fictitious names he must provide sufficient information about each Defendant so that each Defendant can be identified.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See *Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and

that Mr. Harper should be given an opportunity to file an amended complaint. He will be directed to do so below.

Mr. Harper will be ordered to file an amended complaint that states clearly which claim is being asserted pursuant to the FTCA and which claim is being asserted pursuant to *Bivens*. In addition, he will be ordered to state an affirmative link between the alleged constitutional violations and each named Defendant's participation, control or direction, or failure to supervise. Accordingly, it is

ORDERED that Mr. Harper shall **within thirty (30) days from the date of this order** file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Harper, together with a copy of this order, two copies of the following forms for use in filing the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Harper submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if **within thirty (30) days from the date of this order**, Mr. Harper fails to comply with this order to the Court's satisfaction, the

5

complaint and the action will be dismissed without further notice.

DATED July 9, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00750-BNB

Don Alton Harper
Reg. No. 24496-013
FCI – Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 7/9/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk