IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00750-BNB

DON ALTON HARPER,

    Plaintiff,

v.

DEPARTMENT OF LABOR,
BUREAU OF PRISONS,
F.C.I. ENGLEWOOD,
WARDEN BLAKE R. DAVIS,
P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 2 2007

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Don Alton Harper is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. Harper filed *pro se* a civil rights complaint for money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), and pursuant to the Federal Tort Claims Act (FTCA).

On July 9, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Harper to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the July 9 order, the Court also noted that Mr. Harper asserted his claims both as *Bivens* and as FTCA claims, that in

an FTCA action the United States is the only proper Defendant, and that in a *Bivens* action the United States is immune from suit, the proper Defendants must be sued, and the personal participation of each named Defendant must be alleged. On July 19, 2007, Mr. Harper filed an amended complaint for money damages pursuant to the FTCA and pursuant to 18 U.S.C. § 4042, which concerns duties of the BOP and which clearly states in § 4042(d) that "this section shall not apply to . . . correctional institutions or the persons confined therein." Therefore, Mr. Harper may not assert jurisdiction pursuant to § 4042.

Mr. Harper does not assert jurisdiction pursuant to *Bivens*. However, he cites in the text of the amended complaint and in the request for relief to 42 U.S.C. § 1983 (2006), the civil rights statute that applies to prisoners suing state actors, *see Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). It is clear from his allegations that he is asserting *Bivens* claims. Under *Bivens*, a plaintiff must allege that the defendants have violated his rights under the United States Constitution while the defendants acted under color of federal law.

Mr. Harper has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the complaint will

be dismissed in part pursuant to § 1915(e)(2)(B) as legally frivolous and because it seeks monetary relief against a defendant immune from such relief.

The Court must construe the amended complaint liberally because Mr. Harper is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the **pro se** litigant's advocate. **Hall**, 935 F.2d at 1110.

Mr. Harper's amended complaint is not the model of clarity. In the complaint he originally filed, he alleges that he fractured his right ankle on March 6, 2006, when he slipped and fell while picking up two cases of orange juice out of the back cooler in the prison's kitchen warehouse. He further alleges that because of a delay in treating his ankle the fractured bone did not heal properly. In the amended complaint, he further alleges that Defendants P. Urbano, a physician's assistant, and Norman S. Rosenthal, M.D., lacked the knowledge to set the fracture properly at the outset or to break and reset the fracture after it began healing improperly. As a result, he contends that he has suffered a permanent disability. On the basis of these allegations, he asserts that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Mr. Harper may not sue Defendants Department of Labor, BOP, or the Federal Correctional Institution at Englewood, Colorado (FCI Englewood). As he was informed in the July 9, 2007, order for an amended complaint, the United States, as sovereign, is immune from suit unless it expressly consents to be sued. **United States v. Testan**, 424 U.S. 392, 399 (1976); **Bivens**, 403 U.S. at 410; **Ascot Dinner Theatre, Ltd. v.**

*Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). The United States is immune from a *Bivens* claim for money damages. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987). Therefore, the Department of Labor, BOP, and FCI Englewood will be dismissed as parties to this action.

In addition, Mr. Harper was informed in the July 9, 2007, order for an amended complaint that he also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of*

*Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Mr. Harper fails to allege any personal participation by Warden Blake R. Davis in the alleged constitutional violations. He merely makes the vague suggestion that Warden Davis should be found to be deliberately indifferent by failing to provide medical care for his fractured ankle without explaining specifically what Warden Davis did to him, when he did it, how his action or actions harmed him, and what legal rights he believes Warden Davis violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007). Therefore, Warden Davis also will be dismissed as a party to this action. Accordingly, it is

ORDERED that the amended complaint is dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and because it seeks monetary relief against a Defendant immune from such relief. It is

FURTHER ORDERED that the claims asserted against Defendants Department of Labor, Bureau of Prisons, the Federal Correctional Institution at Englewood, Colorado (FCI Englewood), and Warden Blake R. Davis are dismissed. It is

FURTHER ORDERED that the clerk of the Court remove the names of Defendants Department of Labor, Bureau of Prisons, FCI Englewood, and Warden Blake R. Davis as parties to this action. P. Urbano and Norman S. Rosenthal, M.D., are the only remaining Defendants. It is

FURTHER ORDERED that the case is drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _1_ day of _Aug_____, 2007.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00750-BNB

Don Alton Harper
Reg. No. 24496-013
FCI – Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/2/07

GREGORY C. LANGHAM, CLERK

By: _Angie_
Deputy Clerk