IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00750-REB-KMT

DON ALTON HARPER,

    Plaintiff,

v.

P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendant's Motion to Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 54) and "Defendant Rosenthal's Motion to Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 77).

### FACTUAL BACKGROUND

*1.  Facts*

The following facts are taken from Plaintiff's Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is an inmate at the Federal Correctional Institution ("FCI") at Englewood. (Def.'s Mot. to Dismiss Pl.'s Am. Prisoner Compl. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) at 2 [hereinafter "Urbano's Mot."] [filed February 24, 2008].) Plaintiff states he broke his ankle while working in the kitchen

warehouse while incarcerated. (Am. Prisoner Compl. at 3 [hereinafter "Compl."] [filed July 19, 2007].) Plaintiff asserts Defendants were deliberately indifferent to his serious needs for medical attention, and, while the injury was not completely ignored, medical treatment was woefully delayed. (*Id.* at 4.) According to Plaintiff, this delay led to permanent disability from failure to properly set the fracture initially. (*Id.*) Plaintiff asserts Defendant Urbano lacked the wisdom to properly repair the fracture. (*Id.*) Plaintiff also asserts Defendant Rosenthal told Plaintiff the fracture was an old, healed fracture. (*Id.*) Plaintiff seeks money damages.

Defendant states the Complaint should be dismissed because (1) the Inmate Accident Compensation Act ("IACA") deprives this court of jurisdiction over the claim; (2) Plaintiff admits he has failed to exhaust his administrative remedies; (3) Plaintiff's Complaint fails to state a claim upon which relief can be granted; and (4) Defendants have qualified immunity. (Urbano's Mot. at 1; Def. Rosenthal's Mot. to Dismiss Pl.'s Am. Prisoner Compl. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) at 1 [hereinafter "Rosenthal's Mot."] [filed February 25, 2008].)

2.  *Procedural History*

Plaintiff filed his Amended Prisoner Complaint on July 19, 2007, naming five defendants, including the Department of Labor; Bureau of Prisons, F.C.I. Englewood; Warden Blake R. Davis; P. Urbano, P.A.; and Norman S. Rosenthal, M.D. (Compl. at 1.) Plaintiff asserted three claims. (*Id.* at 4–6.) On August 2, 2007, Senior Judge Zita L. Weinshienk issued an order dismissing Plaintiff's Amended Complaint in part. (Doc. No. 24.) Senior Judge Weinshienk construed Plaintiff's allegations as claims under *Bivens v. Six Unknown Named*

2

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.* at 2.) Senior Judge Weinshienk dismissed the Department of Labor; the Bureau of Prisons, F.C.I. Englewood; and Warden Blake R. Davis as parties to the action. (*Id.* at 3–5.) Plaintiff's only remaining claim against Defendants Urbano and Rosenthal is the Eighth Amendment *Bivens* claim. (Compl. at 4.)

**STANDARD OF REVIEW**

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### 1. *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

### 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pled factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

Defendants assert Plaintiff claim must be dismissed under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, because 18 U.S.C. § 4126, the IACA, serves as the exclusive remedy for inmates are injured on the job. This court finds it has jurisdiction over Plaintiff's *Bivens* claim, but Plaintiff does not state a claim for relief under *Bivens* because the IACA provides his exclusive remedy, as discussed below.

Plaintiff alleges the medical care provided constitutes a violation of the Eighth Amendment. (Compl. at 4.) The Tenth Circuit Court of Appeal has stated:

5

> [T]he compensation benefits provided for by 18 U.S.C. § 4126(c)(4) constitute the exclusive remedy for "injuries suffered . . . in any work activity in connection with the maintenance or operation of the institution [in which the inmates are] confined." 18 U.S.C. § 4126(c)(4); *see United States v. Demko*, 385 U.S. 149, 153, 87 S. Ct. 382, 17 L.Ed.2d 258 (1966) (accepting § 4126 "as an adequate substitute for a system of recovery by common-law torts"); *United States v. Gomez*, 378 F.2d 938, 939 (10th Cir. 1967) (per curiam) (holding that § 4126 *396 "constitute[s] the exclusive remedy for injuries received by federal prisoners while performing assigned prison tasks"). The § 4126 remedy includes claims that subsequent negligence or inadequate medical care caused further injury. 28 C.F.R. § 301.301(b) (2005) (noting that the statute applies to inmates receiving "improper medical treatment of a work-related injury").

*Alvarez v. Gonzales*, 155 Fed. Appx. 393, 2007 WL 3008788, at *1 (10th Cir. 2005).

Accordingly, Plaintiff's *Bivens* claim is barred by 18 U.S.C. § 4126.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant's Motion to Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 54) and "Defendant Rosenthal's Motion to Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 77) be GRANTED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of August, 2008

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge