IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00750-REB-KMT

DONALD ALTON HARPER,

    Plaintiff,

v.

P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the **Recommendation of United States Magistrate Judge** [#92], filed August 11, 2008. The recommendation addresses two motions: 1) **Defendant's Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6)** [#54], filed November 14, 2007; and 2) **Defendant Rosenthal's Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6)** [#77], filed February 25, 2008. The plaintiff filed objections to the recommendation, and defendant Rios field a response to the plaintiff's objections. *Objections* [#93], filed August 15, 2008; *Response* [#94], filed August 25, 2008.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, response to objections, and applicable case law. In

addition, because the plaintiff, Don Alton Harper, is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, ___ U.S.___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

Harper alleges that his ankle was injured seriously while he was working in the kitchen warehouse at the federal prison facility where he is housed. *Amended complaint* [#18], filed July 19, 2007. He alleges that proper medical treatment for his ankle was woefully delayed an that he has suffered damages as a result. In a previous order, the court interpreted Harper's claim as a claim under **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971). *Order* [#24], filed August 2, 2007. The magistrate judge recommends that Harper's claim be dismissed because 18 U.S.C. § 4126(c)(4) provides the exclusive remedy for an injury suffered by a federal prisoner while performing assigned prison tasks. Both the United States Supreme Court and the United States Court of Appeals for the Tenth Circuit have held that § 4126 is the exclusive remedy for such injuries. **U.S. v. Demko**, 385 U.S. 149, 153 (1966); **U.S. v. Gomez**, 378 F.2d 938, 939 (10th Cir. 1967); **Alvarez v. Gonzales**,, 155 Fed. Appx. 393, *1 (10th Cir. 2005) (copy attached to defendant Rios' response [#94], filed August 25, 2008). Harper's claim, a **Bivens** claim for relief based on an injury he suffered while working in the kitchen warehouse at a federal prison, is barred by § 4126. Given the bar of § 4126, this court lacks subject matter jurisdiction over Harper's **Bivens** claim.

The recommendation is detailed and well-reasoned. Contrastingly, Harper's objections are imponderous and without merit. Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted. I overrule Harper's objections, adopt the recommendation, and dismiss the complaint.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate** Judge [#92], filed August 11, 2008, is **APPROVED AND ADOPTED** as an order of this court;

2. That the **Defendant's Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6)** [#54], filed November 14, 2007, is **GRANTED**;

3. That **Defendant Rosenthal's Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6)** [#77], filed February 25, 2008, is **GRANTED**;

4. That the plaintiff's objections stated in **Plaintiff's Objections to Recommendation of United States Magistrate Judge** [#93], filed August 15, 2008, are **OVERRULED**;

5. That under Fed.R.Civ.P. 12(b)(1), the plaintiff's *Bivens* claim against defendants P Urbano, P.A. and Norman S. Rosenthal, M.D., the only claim remaining in this case, is **DISMISSED** for lack of subject matter jurisdiction;

6. That judgment **SHALL ENTER** for the defendants, P. Urbano, P.A., and Norman S. Rosenthal, M.D., against the plaintiff, Donald Alton Harper; and

7. That the defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 11, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**