IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00750-REB-KMT

DON ALTON HARPER,

      Plaintiff,

v.

P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendants' Motion to Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 144). Plaintiff did not file a response. This motion is ripe for review and recommendation.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Amended Prisoner Complaint and the defendants' motion to dismiss. Plaintiff is an inmate at the Federal Correctional Institution ("FCI") at Englewood. (Defs.' Mot. to Dismiss Pl.'s Am. Prisoner Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) [hereinafter "Mot."] [filed December 23, 2009].) Plaintiff states he broke his ankle while working in the kitchen warehouse while incarcerated. (Am. Prisoner Compl. at 3 [hereinafter "Compl."] [filed July 19, 2007].) Plaintiff asserts Defendants were deliberately indifferent to his serious needs for medical attention, and, while the injury was not completely

ignored, medical treatment was delayed.  (*Id.* at 4.)  According to Plaintiff, this delay led to permanent disability from failure to properly set the fracture initially.  (*Id.*)  Plaintiff asserts Defendant Urbano lacked the wisdom to properly repair the fracture.  (*Id.*)  Plaintiff alleges Defendant Rosenthal told Plaintiff the fracture was an old, healed fracture.  (*Id.*)  Plaintiff seeks money damages.

Defendants move for dismissal because (1) Plaintiff admits he has failed to exhaust his administrative remedies; (2) Defendants are entitled to qualified immunity.  (Mot.)

## PROCEDURAL HISTORY

Plaintiff filed his Amended Prisoner Complaint on July 19, 2007, naming five defendants, including the Department of Labor; Bureau of Prisons, F.C.I. Englewood; Warden Blake R. Davis; P. Urbano, P.A.; and Norman S. Rosenthal, M.D.  (Compl. at 1.)  Plaintiff asserted three claims.  (*Id.* at 4–6.)  On August 2, 2007, Senior Judge Zita L. Weinshienk issued an order dismissing Plaintiff's Amended Complaint in part.  (Doc. No. 24.)  Senior Judge Weinshienk construed Plaintiff's allegations as claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  (*Id.* at 2.)  Senior Judge Weinshienk dismissed the Department of Labor; the Bureau of Prisons, F.C.I. Englewood; and Warden Blake R. Davis as parties to the action.  (*Id.* at 3–5.)  Plaintiff's only remaining claim against Defendants Urbano and Rosenthal is the Eighth Amendment *Bivens* claim.  (Compl. at 4.)

Following motions to dismiss by Defendants Urbano and Rosenthal, on September 19, 2008, the Court entered judgment in favor of Defendants Urbano and Rosenthal on the grounds that the Inmate Accident Compensation Act ("IACA") was the exclusive remedy for Plaintiff's

*Bivens* claims. (*See* Doc. Nos. 96, 100.) Plaintiff appealed. While Plaintiff's appeal was pending, the Tenth Circuit held for the first time that the IACA does not preclude an inmate from also bringing a *Bivens* claim. *See Smith v. United States*, 561 F.3d 1090, 1103 (10th Cir. 2009). Based on this new holding, the Tenth Circuit reversed this Court's judgment in this case and remanded for further proceedings. (*See* Doc. No. 122.) At the status conference held on December 3, 2009, the Court granted Defendants' oral motion for leave to file a new motion to dismiss. (Doc. No. 135.)

## STANDARD OF REVIEW

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. Therefore, the court reviews his Complaint liberally and holds it to a less stringent standard than those drafted by attorneys. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the

court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### 2.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1.    *Failure to Exhaust Administrative Remedies*

Defendants first contend that Plaintiff's claim should be dismissed because Plaintiff admits clearly on the face of the Amended Complaint that he failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (Mot. at 5–7.) The PLRA requires that a claim regarding prison conditions must first be exhausted at the facility level before a prisoner may challenge those conditions in federal court. Specifically, the exhaustion provision provides that "[n]o action shall be brought with respect to

prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 200–01 (2007). However, the burden is not on the plaintiff to sufficiently plead exhaustion or attach exhibits proving exhaustion. *Jones*, 549 U.S. at 201. Instead, the burden is on Defendants to assert a failure to exhaust in their dispositive motion. Moreover, courts "also are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). "[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." *Id.*

Here, the face of Plaintiff's Amended Complaint states he has not exhausted his available administrative remedies. However, Plaintiff also alleges that due to misconduct by the defendants, he could not exhaust. (Compl. at 3.) Plaintiff also alleges he was threatened that he would be placed in segregation if he did not stop reporting and that "team members for unit west refused to investigate [these threats]" in order for Plaintiff to exhaust. (*Id.* at 4.) In light of *Aquilar-Avellaveda*, this court concludes it is unclear from the record whether the defects in exhaustion were produced from the action or inaction of prison officials and, therefore, declines to recommend dismissal on that basis.

### *2.     Qualified Immunity*

Defendants argue that they are entitled to qualified immunity. The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 121 (2001).

Because of the underlying purposes of qualified immunity, courts address qualified immunity questions differently from other summary judgment decisions. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must meet a "heavy two-part burden." *Id.* Plaintiff first must establish that the facts, taken in the light most favorable to Plaintiff, show that the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. If Plaintiff establishes a violation of a constitutional or statutory right, "the next, sequential step is to ask whether the right was clearly established." *Id.* This determination must be made "in light of the specific context of the case, not as a broad general proposition." *Id.* "[T]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. If the plaintiff fails to satisfy either part of this "heavy

two-part burden," the court must grant the defendant qualified immunity and dismiss the deficient claims.

In a recent opinion, the United States Supreme Court altered somewhat the analytical process that may be used when a defendant claims the protection of qualified immunity. *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808 (2009).  In *Pearson*, the Supreme Court held that the sequential two step analysis mandated in *Saucier* should no longer be regarded as mandatory.  The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson*, ___ U.S. ___, 129 S. Ct. at 818.  The Supreme Court noted, however, that the sequence set forth in *Saucier* often is the appropriate analytical sequence.  *Id.*

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  To establish a claim for deliberate indifference, a plaintiff must first prove that objectively, his medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).  Second, the plaintiff must prove that, subjectively, the prison official "kn[ew] of and disregard[ed] an excessive risk

to inmate health and safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff alleges that the fracture of his ankle "showed healing but also revealed permanent disability resulting from a failure to properly set the fracture initially, the injury was repairable initially if the fracture had been properly set if a skilled foot-specialist had re-broken and reset the bone." (Compl. at 4.) Plaintiff alleges that Defendant Urbano lacked the wisdom to properly treat his ankle, and that Defendant Rosenthal "stated that it was an old healed" fracture. *Id.*

Plaintiff provides no information from which the court may conclude that the defendants were both aware of "facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" to Plaintiff and that the defendants also drew that inference. *Farmer*, 511 U.S. at 837. This is true particularly in light of Plaintiff's own statements that his ankle injury "was not completely ignored" and that his "x-rays showed healing." (Compl. at 5.) The Amended Complaint thus demonstrates that Plaintiff's injury was being treated and was healing. Additionally, Plaintiff has failed to present any evidence of the defendants' allegedly culpable states of mind. *See Estelle*, 429 U.S. at 106. Moreover, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Accordingly, Plaintiff has failed to state a claim for deliberate indifference to his serious medical needs. As such, Defendants are entitled to qualified immunity.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion to Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 144) be GRANTED and that this case be dismissed, in its entirety, with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of February, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge