IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00750-REB-KMT

DON ALTON HARPER,

    Plaintiff,

v.

P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis" (hereinafter "Mot.") (Doc. No. 143). Plaintiff did not file a response. This motion is ripe for review and recommendation.

Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons who is incarcerated at the Federal Correctional Institution at Englewood. On May 10, 2007, he was granted leave to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915. Amendments to § 1915, added by the Prisoner Litigation Reform Act ("PLRA"), include restrictions on prisoners' civil actions. *See Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996). Section 1915(g), the "three strikes" provision the PLRA added to the *in forma pauperis* statute, *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 778 (10th Cir. 1999) (internal quotation marks omitted), provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Dismissals prior to the April 26, 1996, enactment of the PLRA count as "strikes" under the PLRA. *See Green*, 90 F.3d at 420 ("Because the plain language of § 1915(d) strongly suggests that Congress intended courts to consider prisoner suits dismissed prior to the statute's enactment . . . we conclude that § 1915(g) requires us to consider prisoner suits dismissed prior to the statute's enactment."). Dismissals of civil actions as "frivolous, malicious, or fail[ing] to state a claim" after the enactment of the PLRA also count as strikes once a litigant has exhausted or waived his or her appeals. *See Jennings*, 175 F.3d at 780; *see also* 28 U.S.C. § 1915(g). The "three strikes" provision applies to mandamus proceedings. *See Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997). An appeal from a dismissal for a strike counts as a strike if the appeal also is dismissed as frivolous. *See Jennings*, 175 F.3d at 780.

Defendants point out that Mr. Harper has initiated more than three actions or appeals in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous, malicious, or for failure to state a claim. In this court, Mr. Harper acquired one strike. He filed a mandamus action that was dismissed as "legally frivolous." *See Harper v. United States District Court*, No. 96-cv-00207-DBS (D. Colo. Jan. 31, 1996), *aff'd*, No. 96-1057, 1996 WL 174701 (10th Cir. Apr. 12, 1996). Mot. at ex. A-2, docket

entry 4; ex. A-6.  In the United States Court of Appeals for the Tenth Circuit, Mr. Harper acquired a second strike.  The appeal of an action he filed in this court pursuant to the Federal Tort Claims Act was dismissed as legally frivolous.  *See Harper v. Ippolito*, No. 07-cv-01678 (D. Colo. Oct. 4, 2007), *aff'd*, No. 07-1450, 2008 WL 376395 (10th Cir. Feb. 12, 2008).

Mr. Harper acquired three additional strikes from other courts.  In *Harper v. Van Bebber*, No. 96-cv-00318 (W. D. Mo. June 4, 1996), his complaint was dismissed as "legally frivolous within the meaning of 28 USC 1915(e)."  Mot. at ex. A-3, docket entry 5.  In *Harper v. United States Attorney's Office*, No. 98-cv-00322-UNA (D.D.C. Feb. 6, 1998), *aff'd*, No. 98-5075, 1998 WL 796240 (D.C. Cir. Oct. 6, 1998), his petition for writ of mandamus was dismissed for "failure to state a claim on which relief may be granted pursuant to 28 USC 1915(e)(2)(B)(ii)."  Mot. at ex. A-4, docket entry 4; ex. A-7.  Finally, in *Harper v. United States*. No. 99-cv-02821-UNA (D.D.C. Oct. 26, 1999), *aff'd*, No. 99-5391, 2000 WL 274237 (D.C. Cir. Feb. 2, 2000), his complaint was dismissed "with prejudice as malicious, pursuant to 28 USC Section 1915(e)(2)(B)(i) and 1915A(b)(1)."  Mot. at ex. A-5, docket entry 5; ex. A-8.

In the instant action, Mr. Harper does not allege that he is "under imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).  Therefore, the court may revoke Mr. Harper's *in forma pauperis* status because he is subject to filing restrictions under § 1915(g).  According to this court's docketing records, Mr. Harper paid $143.00 as of September 22, 2008, toward the $350.00 filing fee for this civil action.  Upon the acceptance and adoption of this recommendation to grant the instant motion, the $207.00 balance, or whatever amount is owed toward satisfaction of the filing fee, will be due immediately.  Although a recommendation to

grant "Defendants' Motion to Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 144) currently is pending before the court, Mr. Harper's failure to pay the filing fee balance due after the acceptance and adoption of this recommendation will provide an additional reason to dismiss this action.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis" (Doc. No. 143) be GRANTED, that Plaintiff's *in forma pauperis* status be revoked, and that Plaintiff be directed to pay the balance due towards satisfaction of the $350.00 filing fee within thirty days from the date of the acceptance and adoption of this recommendation.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of February, 2010.

**BY THE COURT:**

*[signature: Kathleen M. Tafoya]*

Kathleen M. Tafoya
United States Magistrate Judge