IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00750-REB-KMT

DON ALTON HARPER,

    Plaintiff,

v.

P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Plaintiff's "On Motion Requesting Leave by this Honorable Court to Grant this Motion Pursuant to the Federal Rules of Civil Procedure's Rule 15(a) to Amend" (Doc. No. 152). Defendants filed their response on March 8, 2010.

    It appears Plaintiff wants to amend his complaint to expand on the Eighth Amendment claim asserted in his Amended Prisoner Complaint filed on July 19, 2007. The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing

of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation." *Frank*, 3 F.3d at 1365. "Furthermore, '[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.' " *Id.* (quotation omitted).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The court may deny a motion to amend a complaint for failure to submit the proposed amendment. *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir.1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading). Here, while Plaintiff has generally described his claim, he has not attached a copy of a complete proposed Second Amended Complaint. As a result, it is impossible to determine if the proposed amendment is permissible.

Defendants argue that Plaintiff's Motion should be denied because the amendment would be futile. The Tenth Circuit has held that an amendment is futile "if the complaint, as amended, would be subject to dismissal." *Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Plaintiff's current operative complaint asserts Eighth Amendment *Bivens* claims against Defendants Urbano and Rosenthal, alleging that they did not properly treat an ankle injury he obtained while working in the prison kitchen. (*See* Doc. 18 at 5.) On February 9, 2010, this court recommended Plaintiff's Eighth Amendment claim,

2

and the case, be dismissed because Plaintiff had failed to state a claim for deliberate indifference to his serious medical needs and, as such, Defendants are entitled to qualified immunity. (*See* Doc. No. 148.) This Recommendation is pending before District Judge Robert E. Blackburn.

To establish a claim for deliberate indifference, a plaintiff must first prove that objectively, his medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted). Second, the plaintiff must prove that, subjectively, the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Upon a review of Plaintiff's proposed amendments, this court finds they fail to cure the deficiencies upon which this court has based its recommendation that Plaintiff's Eighth Amendment claim be dismissed. Plaintiff still provides no information from which the court may conclude that the defendants were both aware of "facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" to Plaintiff and that the defendants also drew that inference. *Farmer*, 511 U.S. at 837. Additionally, Plaintiff has failed to present any facts or evidence of the defendants' allegedly culpable states of mind. *See Estelle*, 429 U.S. at 106. Plaintiff's proposed amended complaint would therefore be subject to dismissal for the same reasons as his existing complaint. As such, the proposed amendment is futile.

Moreover, this court finds that Plaintiff's motion should be denied due to undue delay. *See Frank*, 3 F.3d at 1365. Plaintiff should have been well aware of the need to amend his complaint following the filing of Defendants' Motion to Dismiss. Instead, Plaintiff waited until

3

after this court had already recommended dismissal of Plaintiff's Eighth Amendment claim to file his motion to amend. Additionally, Plaintiff should have been well aware of the facts upon which the proposed amendment is based, and he failed to include them in his first amended complaint. *Id.*

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "On Motion Requesting Leave by this Honorable Court to Grant this Motion Pursuant to the Federal Rules of Civil Procedure's Rule 15(a) to Amend" (Doc. No. 152) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d

4

at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 10th day of March, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge