IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07–cv–00750–REB–KMT

DON ALTON HARPER,

    Plaintiff,

v.

P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Motion for Expert Witnesses Testimony" (Doc. No. 160, filed April 1, 2010).

To the extent Plaintiff is asking for a court-appointed expert witness, the court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. 28 U.S.C. § 1915(c) provides in part that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. The right of access to the courts does not extend to provide witness fees for a witness the prisoner claims to be essential to his in forma pauperis case. *Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983). The court has no more authority to appoint an expert witness at government expense for Plaintiff than it has to require counsel to represent him. As the court

stated in *Boring v. Kozakiewicz*, in affirming the district court's refusal to appoint an expert at government expense in a similar case:

> [t]he plaintiffs' [former pretrial detainees] dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems . . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

833 F.2d 468, 474 (3rd Cir. 1987). *See also Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993) (concluding "that there is no statutory authority for a court to commit federal funds to pay for deposition transcripts").

To the extent Plaintiff is seeking appointment of an expert under Fed. R. Evid. 706, a court's authority to make such an appointment is discretionary. *Cestnik v. Federal Bureau of Prisons*, 2003 WL 22969354, *2 (10th Cir. Dec. 18, 2003). "The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." *Byng v. Campbell*, 2008 WL 4662349 (N.D.N.Y. Oct. 20, 2008); *McKinney v. United States*, 2009 WL 798583, at *2 (D. Colo. Mar. 24, 2009). The court's review of the file in this matter indicates that appointment of an independent expert would not be a significant aid to the court. This court also notes it has issued a Recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, there is no hearing, pretrial matter, or trial scheduled for which expert testimony is necessary or required.

To the extent Plaintiff is seeking discovery or disclosures, discovery has been stayed pending ruling on the Recommendation. (Doc. No. 150.)

Accordingly, Plaintiff's "Motion for Expert Witnesses Testimony" (Doc. No. 160) is DENIED.

Dated this 1st day of April, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge