IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00750 REB-KMT

DONALD ALTON HARPER,

    Plaintiff,

v.

P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants' Motion To Reconsider Order Granting Plaintiff's Motion for Leave To Proceed In Forma Pauperis** [#143][1] filed December 23, 2009; and (2) the **Recommendation of United States Magistrate** Judge [#149], filed February 9, 2010. The plaintiff filed objections [#153]. I overrule the objections, approve and adopt the recommendation, and grant the motion to reconsider.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable case law. In addition, because the plaintiff, Don Alton Harper, is proceeding *pro se*, I have construed his pleadings more liberally

---

[1] "[#143]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The three usual bases for reconsideration of an order or judgment are (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). A motion for reconsideration is not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id*. The order [#8] granting the plaintiff leave to proceed *in forma pauperis* was issued before the defendants had an opportunity to respond to the plaintiff's motion. The arguments advanced by the defendants in their motion to reconsider [#143] could not have been raised in prior briefing concerning the plaintiff's motion to proceed *in forma pauperis*. The evidence discussed in both the motion to reconsider [#143] and the recommendation [#149] is new to the court. More important, consideration of that evidence demonstrates clear error in the court's initial decision to grant the plaintiff *in forma pauperis* status in this case.

As detailed in the motion to reconsider [#143] and the recommendation [#149], the plaintiff has initiated five actions or appeals in a court of the United States while he was incarcerated or detained in any facility, which actions were dismissed as frivolous, malicious, or for failure to state a claim. Title 28 U.S.C. § 1915(g), part of the *in forma pauperis* statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

2

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, the plaintiff does not allege that he is in imminent danger of serious physical injury. The plaintiff has, on three or more prior occasions, while incarcerated or detained, brought actions or appeals in a court of the Untied States that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Under § 1915(g), the plaintiff's *informa pauperis* status must be revoked.

To date, the plaintiff has paid 143 dollars of the filing fee of 350 dollars in this case. The plaintiff has been permitted to make payments toward the filing fee because the plaintiff has been permitted to proceed *in forma pauperis*. However, on the revocation of the plaintiff's *in forma pauperis* status, the remaining balance of the filing fee, 207 dollars, will be due immediately. I will order the plaintiff to pay the remaining balance of the filing fee to the Clerk of the Court by May 7, 2010.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate** Judge [#149], filed February 9, 2010, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff's Objection To Recommendations of United States Magistrate Judge** [#153] filed February 22, 2010, are **OVERRULED**;

3. That the **Defendants' Motion To Reconsider Order Granting Plaintiff's Motion for Leave To Proceed In Forma Pauperis** [#143] filed December 23, 2009, is **GRANTED**;

4. That under 28 U.S.C. § 1915(g), the status of the plaintiff as a party permitted to proceed *in forma pauperis* in this case is **REVOKED**; and

3

5. That on or before May 7, 2010, the plaintiff **SHALL PAY** to the Clerk of the Court the remaining balance of the filing fee in this case in the amount of two hundred seven dollars ($207.00).

Dated April 7, 2010, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge