**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00750-REB-KMT

DONALD ALTON HARPER,

    Plaintiff,

v.

P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

    Defendants.

**ORDER ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE &
OVERRULING RULE 72 OBJECTION**

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants' Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to FED. R. CIV. P. 12(b)(6)** [#144][1] filed December 23, 2009; (2) the **Recommendation of United States Magistrate Judge** [#148] filed February 9, 2010; (3) the plaintiff's **On Motion Requesting Leave By This Honorable Court To Grant This Motion Pursuant To the Federal Rules of Civil Procedure's Rule 15(a) To Amend** [#152] filed February 22, 2010; (4) the **Recommendation of United States Magistrate Judge** [#157] filed March 10, 2010; and (5) **Plaintiff's Objection To Defendants Misunderstanding for Requesting for Expert Witnesse** (sic) **Testimony** [#165] filed April 12, 2010. The plaintiff filed objections [#153

---

[1] "[#144]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

& #159] addressing the two recommendations, and the defendants filed responses [#155 & #163] to the objections. The plaintiff filed and objection [#165] to an order of the magistrate judge, and the defendants filed a response [#166]. I approve and adopt the two recommendations, overrule the plaintiff's objections, grant the motion to dismiss, and deny the plaintiff's motion to amend.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the magistrate judge's recommendations to which the plaintiff has objected, and I have considered carefully the recommendations, objections, and applicable law. In addition, because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

In her February 9, 2010, recommendation [#148], the magistrate judge recommends that the plaintiff's motion to dismiss [#144] be granted. The plaintiff seeks to assert a claim under the Eighth Amendment concerning an ankle injury he received while in prison and the medical treatment he was provided as a result of this injury. I agree with the magistrate judge's analysis and her conclusion that the motion to dismiss should be granted. After the magistrate judge issued her recommendation [#148], the plaintiff filed his motion [#152] to amend his complaint. In her second recommendation [#157], the magistrate judge recommends that the plaintiff's motion [#152] to amend his complaint be denied. I agree with the magistrate judge's analysis and her conclusion that the motion to amend should be granted. The plaintiff's objections [#153 & #159] to the recommendations do not state valid objections to the recommendations.

I read the plaintiff's objection [#165] as an objection to the order [#162] of the

2

magistrate judge. In her order [#162], the magistrate judge denied the plaintiff's **Motion for Expert Witness Testimony** [#162] filed April 1, 2010. The plaintiff's objection concerns a non-dispositive matter that was referred to the magistrate judge for resolution. Under 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law. Nothing about the magistrate judge's order [#162] is clearly erroneous or contrary to law. The plaintiff's objection [#165] is overruled and denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#148] filed February 9, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2. That the **Defendants' Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to FED. R. CIV. P. 12(b)(6)** [#144] filed December 23, 2009, is **GRANTED**;

3. That the **Recommendation of United States Magistrate Judge** [#157] filed March 10, 2010, is **APPROVED AND ADOPTED** as an order of this court;

4. That the plaintiff's **On Motion Requesting Leave By This Honorable Court To Grant This Motion Pursuant To the Federal Rules of Civil Procedure's Rule 15(a) To Amend** [#152] filed February 22, 2010, is **DENIED**;

5. That the plaintiff's objections [#153] filed February 22, 2010, and [#159] filed March 25, 2010, which address the two recommendations [#148 & #157], are **OVERRULED AND DENIED**;

6. That the objections stated in **Plaintiff's Objection To Defendants Misunderstanding for Requesting for Expert Witnesse** (sic) **Testimony** [#165] filed April 12, 2010, are **OVERRULED AND DENIED**;

3

7.  That **JUDGMENT SHALL ENTER** in favor of the defendants, Norman S. Rosenthal, M.D. and P. Urbano, against the plaintiff, Donald Alton Harper;

8.  That the defendants, Norman S. Rosenthal, M.D. and P. Urbano, are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

9.  That this case is **DISMISSED** and **CLOSED**.

Dated September 10, 2010, at Denver, Colorado.

                                             **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge