**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00750-REB-KMT

DONALD ALTON HARPER,

    Plaintiff,

v.

P. URBANO, P.A., and
NORMAN S. ROSENTHAL, M.D.,

    Defendants.

## ORDER DENYING MOTION TO REOPEN

**Blackburn, J.**

    This matter is before me on the plaintiff's paper captioned "**Wrongful Dismissal**" [#198][1] September 27, 2012. In the body of his filing, the plaintiff asks the court to re-open this civil suit, arguing that the case was dismissed in error. I deny the motion.[2]

    On September 10, 2010, the court entered an order [#183] approving and adopting the recommendations of the magistrate judge, granting the defendants' motion to dismiss, dismissing this case, and directing the entry of judgment. The present motion was filed more than 28 days after the entry of the **Final Judgment** [#184], which was entered on September 14, 2012. Therefore, I construe the motion as a motion for

---

[1] "[#198]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] I exercise my discretion under **D.C.COLO.LCivR** 7.1C., and rule on this motion without benefit of a response.

relief from judgment under FED. R. CIV. P. 60.[3]

To obtain relief under Rule 60(b), a party must show exceptional circumstances warranting relief from judgment. **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Id.* at 1243-44. In his motion, the plaintiff does not satisfy any of the grounds for relief enumerated in Rule 60(b).

**THEREFORE, IT IS ORDERED** that plaintiff's paper captioned "**Wrongful Dismissal**" [#198] September 27, 2012, read as a motion for relief from judgment under FED. R. CIV. P. 60, is **DENIED**.

Dated October 2, 2012, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

---

[3] Because the plaintiff is proceeding pro se, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (**citing Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).